# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | |
|---|---|
| JOSHUA E. COMER, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:14-cv-00095-TWP-DML |
| DAVID SCHNEDIER Detective, | ) |
| NICHOLAS BEETZ Detective, | ) |
| GARY W. SORGE Attorney, | ) |
| KENDLE DAVIS Sergeant, | ) |
| Defendants. | ) |

**Entry Discussing Complaint, Dismissing Certain Claims,
and Directing Further Proceedings**

**I.**

The plaintiff's motion for leave to proceed without prepaying fees or costs [dkt. 2] is **granted**.

**II.**

**A.**

Plaintiff Joshua E. Comer an inmate at the Dearborn County Jail filed this civil action against Det. David Schneider, Det. Nicholas Beetz, Sgt. Kendle Davis and Attorney Gary W. Sorge. The complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is

entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by Comer, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008). Nonetheless, "[p]ro se litigants are masters of their own complaints and may choose who to sue-or not to sue," *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005), and the court may not rewrite a complaint to include claims that were not presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999); *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). "The color of state law element is a threshold issue; there is no liability under [Section] 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan,* 47 F.3d 628, 638 (3d Cir. 1995). A person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic,* 313 U.S. 299, 326 (1941).

**B.**

Applying the standard set forth above certain claims must be dismissed.

**First, Attorney Gary W. Sorge is dismissed.** Under authority established for more than a generation, Attorney Sorge did not act under color of state law when representing Comer in the criminal proceeding, even if paid by public funds. *See Polk County v. Dodson,* 454 U.S. 312, 324 (1981) (public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal case); *Russell v. Millsap,* 781 F.2d 381, 383 (5th Cir. 1985) (retained counsel does not act under color of state law). Because there was no action "under color of state law" when Attorney Sorge represented Comer in an Indiana state court, there is no viable claim for relief pursuant to § 1983. In addition, any claim based on a theory of ineffective assistance of counsel is dismissed.

**Second, claims against Det. Nicholas Beetz and Sgt. Kendle Davis are dismissed** because there is no allegation of wrongdoing on their part. *Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974)("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."). The complaint fails to identify a viable claim for relief against these defendants. The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). As presented, the complaint lacks facts which could support any claim against Detectives Beetz or Davis based on the violation of the United States Constitution or federal law.

**Third, any claim for relief based on the theory that a defendant committed perjury is dismissed.** Generally, no civil action lies for damages resulting from false statements under oath constituting perjury. **"**It is quite settled law that false swearing in one court cannot be the predicate for civil liability in another. The integrity of the judicial process requires that witnesses be assured that their testimony, which in all events will be subject to cross examination and possibly criminal sanction if knowingly false, cannot be the subject of a later attack through civil litigation." *Shearin v. E.F. Hutton Group, Inc.,* 652 A.2d 578, 595 (Del. Ch. 1994).

### III.

This action shall proceed as to the Fourth Amendment claims alleged against Det. David Schnedier. Specifically, Comer's claim that Det. Schnedier subjected him to false arrest and confinement and conducted an illegal search and seizure shall proceed as submitted.

The **clerk is designated**, pursuant to *Fed. R. Civ. P.* 4(c)(3), to issue and serve process on the defendants in the manner specified by *Fed. R. Civ. P.* 4(d)(1). Process shall consist of the complaint, applicable forms and this Entry.

**IT IS SO ORDERED.**

Date: 8/25/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

JOSHUA E. COMER
DEARBORN CO. LAW ENFORCEMENT CENTER
301 West High Street
Lawrenceburg, IN 47025

Detective David Schnedier
Lawrenceburg Police Department
349 Walnut St.
Lawrenceburg, IN 47025