UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JOSHUA E. COMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:14-cv-00095-TWP-DML |
| | ) |
| DAVID SCHNEDIER Detective, | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Defendant's Motion for Summary Judgment**

This matter is before the Court on a Motion for Summary Judgment filed by the Defendant Detective David Schneider ("Detective Schneider").[1] In this action, Plaintiff Joshua E. Comer ("Mr. Comer") alleges the defendant violated his Fourth Amendment rights. Specifically, Mr. Comer alleges that Detective Schneider subjected him to false arrest and confinement and conducted an illegal search and seizure. Detective Schneider denies these allegations and seeks judgment as a matter of law. For the reasons explained below, Detective Schneider's unopposed motion for summary judgment [Dkt. 14] is **GRANTED.**

**I. Standard of Review**

The motion for summary judgment in this civil rights action, as with any such motion, must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248

---

[1] Misidentified as Detective Schnedier in the complaint.

(1986). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

In this case, Detective Schneider has met that burden through his unopposed motion for summary judgment. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). By not responding to the motion for summary judgment, Mr. Comer has conceded to Detective Schneider's version of the facts. *Brasic v. Heinemann's Inc.,* 121 F.3d 281, 286 (7th Cir. 1997). This is the result of Local Rule 56-1, of which Mr. Comer was notified. This does not alter the standard for assessing a Rule 56 motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## II. Undisputed Facts

The undisputed factual record shows the following:

On October 29, 2013, Mr. Comer was arrested following a drug investigation by an undercover officer with the Lawrenceburg Police Department's Special Crimes Unit. After several meetings at the White Castle restaurant in Lawrenceburg, the undercover officer purchased $600 of heroin with marked bills, resulting in the arrests of Mr. Comer and Lamocres Johnson ("Mr. Johnson"), among others.

2

David Schneider assisted in the arrests, taking possession of evidence found in the personal possession of Mr. Comer and Mr. Johnson. The undercover officer turned in a sealed plastic bag that held one folded piece of white paper containing white and brown powder, presumably the heroin he received from Mr. Comer. Detective Schneider collected the property that was seized during the arrests.

There was cash in plain view on the rear floor of a 2001 silver Toyota Sequoia automobile (the "Sequoia") in the area where Comer had been seated and the serial numbers matched those of the $600 that the undercover officer handed Mr. Comer as payment for the heroin. Also, a purse, multiple cell phones, and a cigarillo wrapper were in plain view inside the Sequoia. The Sequoia was transported to the Lawrenceburg Police Department.

On October 30, 2013, the officers obtained a search warrant for the Sequoia. Officer Schneider assisted in the execution of the search warrant and the collection of evidence, which included $600.00 documented U.S. currency, a white and silver HTC Windows cell phone with charger, a black and red Verizon HTC cell phone, a black LG Tracfone, and three cigarillo packages.

All of the cell phones (those obtained from the arrestees' persons and those obtained during the vehicle search) were searched pursuant to a warrant issued by the Dearborn Circuit Court.

Following the filing of the Probable Cause Affidavit from Detective Schneider, the Dearborn Circuit Court found "facts to establish probable cause for the arrest and detainer" of Mr. Comer and others. Mr. Comer and Mr. Johnson were charged with assorted crimes, including dealing in a narcotic drug (heroin) and conspiracy to commit dealing in a narcotic drug (heroin), both class B felonies. Mr. Comer was convicted by a jury and is currently in prison.

### III.  Discussion

Mr. Comer seeks money damages based on his claim of false arrest and illegal search and seizure pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). The pertinent constitutional provision implicated by Mr. Comer's allegations is the Fourth Amendment's prohibition against unreasonable searches and seizures. *See generally Graham v. Connor*, 490 U.S. 386, 395 (1989).

**A. False Arrest**

The Fourth Amendment prohibits unreasonable searches and seizures, but the existence of probable cause renders warrantless arrests permissible. *Williams v. Brooks*, No. 15-1763, 2016 WL 51409, at *4 (7th Cir. Jan. 5, 2016); *Jones v. City of Elkhart*, 737 F.3d 1107, 1114 (7th Cir. 2013) (noting that probable cause is an absolute defense to false arrest claims in § 1983 actions). The undisputed facts reflect that the Detective Schneider had probable cause to arrest Mr. Comer for dealing an illegal drug on October 29, 2013. In addition, after Mr. Comer was arrested, Detective Schneider filed an Affidavit for Probable Cause on October 31, 2013. Based on that Affidavit, the Dearborn Circuit Court found that probable cause existed for the arrest and detention of Mr. Comer and others. The facially valid finding of probable cause by the Dearborn Circuit Court precludes Mr. Comer's claim. See dkt. 14-1. Accordingly, Detective Schnedier is entitled to judgment in his favor as a matter of law on this claim.

**B. Illegal Search and Seizure**

Next, Mr. Comer claims that Detective Schneider illegally searched his vehicle, resulting in the warrantless seizure of material subsequently admitted into evidence during Mr. Comer's criminal trial. As an initial matter, Detective Schneider correctly argues that Mr. Comer has no standing to contest the seizure of the items that did not belong to him. *See Seibert v. Severino*, 256 F.3d 648, 655 (7th Cir. 2001) (noting that a plaintiff has no standing contest the seizure of property that he does not own). Thus, Mr. Comer's only claim is for the search of his vehicle and the seizure of his two telephones, a black and red one and a white and silver one.

Mr. Comer's claims for illegal search and seizure must be dismissed. The reason for this ruling is that the undisputed record reflects that there was no "search" of the vehicle cell phones at the time of the arrest, although inventory was taken of the items in plain view. *Scott v. Harris*, 127 S.Ct. 1769, 1775 (2007). Instead, the vehicle and cell phones were searched only after a valid search warrant was procured. See dkts. 14-4, 14-5 and 14-6. The seizure of evidence pursuant to a valid search warrant does not violate the Fourth Amendment.

## IV. Conclusion

For the reasons set forth above, Detective Schneider's motion for summary judgment [dkt. 14] is **granted.** The undisputed record reflects that Detective Schneider did not violate Mr. Comer's Fourth Amendment rights.

**SO ORDERED.**

Date: 1/11/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

JOSHUA E. COMER
253720
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135